# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO.: 1:18CR00183-001 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | |
| JOSHUA GILCHRIST, | ) | SENTENCING MEMORANDUM |
| | ) | ON BEHALF OF MR. GILCHRIST |
| Defendant. | ) | |

In anticipation of sentencing scheduled JANUARY 15, 2020, Defendant, JOSHUA GILCHRIST, through counsel, respectfully submits the following Sentencing Memorandum, and requests a sentence which is sufficient, but not greater than necessary, to serve the purposes of federal sentencing under Title 18 U.S.C. § 3553(a).

 

Respectfully Submitted,

_/james jmcdonnell@sbcglobal.net_
JAMES J. MCDONNELL (0005802)
Attorney for Defendant
55 Public Square, Suite 2100
Cleveland, Ohio 44113
(216) 781-2125

I.      PROCEDURAL BACKGROUND

On April 11, 2018, the Defendant, Joshua Gilchrist was named in a two-count Indictment in the Northern District of Ohio.  On October 2, 2019, the Defendant pled guilty to the two counts of the Indictment.  Count 1 charged the defendant with Armed Bank Robbery 18USC2113d; Count 2 charged Use of a Firearm During or in Relation to Certain Crimes, 18USC924c1aii.  Defendant is currently awaiting sentencing, which is set for January 15, 2020 at 11:30AM in Judge Gaughan's courtroom.

II.     SENTENCING FACTORS

Title 18 U.S.C. § 3553(a) provides, in part, that district courts shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing.  These factors include:

    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2) the need for the sentence imposed –

        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B) to afford adequate deterrence to criminal conduct;

        (C) to protect the public from further crimes of the defendant; and

        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for --

    (A) the applicable category of offense committed by the applicable

        category of defendant as set forth in the guidelines …;

(5) any pertinent policy statement … [issued by the Sentencing

    Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. 3553(a).

## III. SENTENCING COMPUTATION

    A.    <u>According to the Plea Agreement, the Base Offense Level Should be a 20</u>

The Plea Agreement between Mr. Gilchrist and the Government states that both parties agreed that a base offense level of 20 was the appropriate computation for count one.  The parties further agreed that pursuant to 2B3.11 the base offense level should be raised two levels. Furthermore, the parties agreed to a three-level reduction for acceptance of responsibility.

. If the Court grants this motion, Mr. Gilchrist will have a total offense level of 19.  A total offense level of 19 and a criminal history category of VI results in an advisory guideline range of 63-78 months imprisonment under the Federal Sentencing Guidelines

Because the defendant also plead to count two, the court must also impose a 84 month sentence which must run consecutive to count one.

3

      B.      <u>The History and Characteristics of Joshua Gilchrist</u>

1. The defendant has been diagnosed with schizophrenia, see PSR paragraph 49, see report of Cynthia Low, Ph.D., Jerome Gottlieb, M.D., Babatunde Aderinji M.D.,

2. The plea agreement allows the defendant to request that this case run concurrently to his Oklahoma federal case, 4:18 CR 47-1.

3. The Oklahoma case, a bank robbery, occurred on 2-6-18. This case occurred on 12-8-17.

4. The defendant was stopped on 2-6-18 by police who saw a bb gun in his car

IV.    <u>CONCLUSION</u>

For the foregoing reasons, Mr. Gilchrist respectfully requests that the Court impose a sentence at the low end of the sentencing range. Furthermore, defendant requests that his sentence run concurrently to his case in Oklahoma, Case No. 4:18-CR-47-1. Defendant also requests that he be sentenced to a mental health facility because of his schizophrenia and that he be allowed to participate in the 500 hour drug program. Such a sentence is sufficient, but not greater than necessary, to serve the purposes of sentencing in light of the factors set forth in Title 18 U.S.C. § 3553.

**CERTIFICATE OF SERVICE**

A copy of the foregoing Sentencing Memorandum has been electronically served upon, Assistant United States Attorney, 801 West Superior Avenue, Cleveland, Ohio 44113 on this day of _____ January, 2020.

                                                                                                                       _____

                                                                                                                       JAMES J. MCDONNELL (0005802)
                                                                                                                       Attorney for Defendant